**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO: 4:20-CV-03610** |
| | § | |
| **ONE 2005 RAYTHEON AIRCRAFT** | § | |
| **COMPANY HAWKER 800XP** | § | |
| **AIRCRAFT AND ALL LOGS,** | § | |
| **CERTIFICATES AND BOOKS** | § | |
| **AS LISTED IN PLAINTIFF'S** | § | |
| **NOTICE OF SEIZURE** | § | |

**PLAINTIFF STATE OF TEXAS' RESPONSE**
**TO DEFENDANT'S MOTION TO DISMISS**

THE STATE OF TEXAS submits this response to Defendant's Motion to Dismiss (Docket Entry No. 2).

## NATURE AND STATUS OF CASE

This is a civil asset forfeiture proceeding brought by the State of Texas on September 10, 2020, pursuant to Chapter 59 of the Texas Code of Criminal Procedure. The assets at issue are an aircraft and certain logs, certificates and books related to the aircraft (hereafter referred to as "the Aircraft").

On October 21, 2020, purported counsel for the Aircraft removed this state court proceeding to this Court. *See* Docket Entry No. 1.

1

## STATEMENT OF FACTS

On September 10, 2020, the State of Texas filed an original asset forfeiture petition, styled *The State of Texas v. One 2005 Raytheon Aircraft Company Hawker 800xp Aircraft and All Logs, Certificates and Books as Listed in Plaintiff's Notice of Seizure.*  This petition was docketed in the 165th District Court as Cause No. 2020-55095.

The State's verified petition alleged that the aircraft and accompanying documentation are "contraband" as defined by Article 59.01 of the Code of Criminal Procedure, and are subject to forfeiture by virtue of having been used in, intended to be used in, or acquired with the proceeds gained from the commission of a number of felony offenses under the Texas Penal Code, including but not limited to:

- Chapter 34 of the Texas Penal Code (Money Laundering).

- Chapter 71.02 of the Texas Penal Code (Engaging in Organized Criminal Activity).

- Chapter 32.46 of the Texas Penal Code (Securing the Execution of a Document by Deception).

The original petition identified, upon information and belief, the following parties as owners, operators and possessors of the Aircraft:

- **Global Jets, LLC,** a corporation doing business in Texas as a trustee owner of the Aircraft.

- **Pibsa Ignerios Construccion Industrial**, a foreign corporation doing business in Texas as an owner and operator of the Aircraft.

- **Victor Gilberto Alverez Garcia**, as an asserted owner of the Aircraft.

- **Juan Carlos Martinez Ceciass Rodriguez**, as a possessor of the Aircraft.

On October 6, 2020, Alan Magenheim, counsel for Rodriguez, signed a verified waiver of citation, acknowledging Rodriguez's receipt of the State's petition.  None of the other named respondents have been served.

On October 21, 2020, attorneys Gary Evans and George Coats made an appearance on behalf of the Aircraft and filed a notice of removal to this Court.  Although not apparent from the notice of removal, Evans purports to represent Victor Gilberto Alvarez Garcia, who asserts that he is the "equitable owner of the Aircraft."  *See* Docket Entry No. 2 at 7.  Evans also asserts that the Aircraft is "owned by a Texas trust agreement, the N740HB Trust . . . with legal title to the Aircraft held by Global Jets, LLC."  *Id.*

## ISSUES

As a threshold matter, the Aircraft's motion to dismiss should be struck for noncompliance with the Southern District's Local Rules as well as this Court's Procedures, specifically Court Procedures 17(a) and 17(b), for failure to conference with opposing counsel before filing.

Alternatively, this Court does not have subject matter jurisdiction in this case and dismissal is not proper under Rule 12(b)(6).

## STANDARD OF REVIEW – MOTION TO DISMISS

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded facts and view the allegations in a light most favorable to the non-movant. *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010).  While a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* The complaint must plead sufficient facts to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

Dismissal is proper if the plaintiff's complaint:

(1)     Does not include a cognizable legal theory. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

*or*

(2)     Includes a cognizable legal theory but fails to plead enough facts to state a claim to relief that is plausible on its face. *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011).

## <u>ARGUMENTS</u>

### A.    Failure to Conference

As a threshold matter, the motion to dismiss does not include a certificate of conference. *See* Court Procedure 17(a) ("**Conference and certificate required.** Make serious, timely, good faith efforts to seek agreement on all disputed matters and requests for relief. This includes dispositive motions.  The Court will strike motions in civil cases – and may strike motions in criminal cases – that don't include a certificate of conference.") *and* Court Procedure 17(b) ("Before filing a motion to dismiss for failure to state a claim or counterclaim under Rule 12(b)(6), or a motion for judgment on the pleadings on a claim or counterclaim under Rule 12(c), identify such issues to the opposing party and confer in

good faith to resolve them. The Court strikes motions that don't include this in the certificate of conference.")  The State further represents that was, in fact, no conference with the undersigned prior to the filing of the notice of removal.

As such, the notice of removal should be struck by the Court.

**B.      Absence of Subject Matter Jurisdiction**

The Aircraft's motion to dismiss for lack of subject matter jurisdiction makes inherently contradictory claims.  It asserts both that federal subject matter jurisdiction exists, but also that the State's allegations are insufficient to invoke federal jurisdiction. Docket Entry No. 2 at 5-13. The Aircraft then argues at length regarding the legality of aircraft ownership trusts and disputing the facts alleging the *res* of this lawsuit to be contraband under Texas law.  *Id.*

The State of Texas agrees that federal subject matter jurisdiction does not exist.  As such, the matter should be remanded to the 165th District Court for the reasons that will be stated in more detail in the forthcoming State's motion to remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

The Aircraft argues that, because the State did not have jurisdiction over the *res*, its possession of the property was made in error.  *See* Docket Entry No. 2 at 18, n.13. This argument is incorrect: it is the Court that must have jurisdiction, not the parties.  Even if the Aircraft is trying to argue that the 165th District Court lacks jurisdiction over the *res*, and is

attempting to invoke the futility doctrine, that exception applies only where it is clear that the lower court lacks subject-matter jurisdiction; in questionable cases, remand rather than dismissal remains the appropriate remedy. *See, e.g., Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 89 (1991). Accordingly, if it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

The Aircraft provides no authority or factual basis for the assertion that a Texas state court would not have subject matter jurisdiction over a claim arising under Texas law, especially, as here, an *in rem* proceeding where the *res* is located in the jurisdiction. In fact, Texas Code of Criminal Procedure Article 59.04 specifically provides:

> A forfeiture proceeding commences under this chapter when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the district court in the county in which the seizure is made.

TEX. CODE CRIM. PROC. art. 59.04.

The Aircraft provides no argument or authority as to how the State's possession of the *res* was made "in error" or why that has any bearing on jurisdiction. The Aircraft does not challenge that the *res* was located in Harris County, Texas at the time of seizure, nor does the Aircraft contest that the State's petition was in compliance with Texas Code of Criminal Procedure Article 59.04.

The Aircraft's sole basis for requesting dismissal under Rule 12(b)(6) is an alleged failure of the State of Texas to state a claim under the Texas asset forfeiture statute. *See* Docket Entry No. 2 at 13. Far from contending that the State has failed to make an

articulable claim under Chapter 59, the Aircraft's motion to dismiss explicitly attacks the sufficiency of the supporting evidence.  *See* Docket Entry No. 2 at 14.  The Aircraft challenges the credibility of Beau Price, the affiant who verified the asset forfeiture petition, asserting that the facts alleged in Price's affidavit are insufficient to establish the State's claims.  The Aircraft incorrectly argues that the State's claims must be shown by "probable cause" when the actual standard for determination is whether a claim for relief is "plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

For a complaint to plausibly suggest a claim for relief, it does not have to provide detailed factual allegations, but it must (1) show a right to relief beyond mere speculation or (2) set forth a claim for relief from which the more than a mere possibility can be inferred.  *See Ashcroft v. Iqbal*, 556 U.S. 678, 679 (2009); *Twombly*, 550 U.S. at 555. The Aircraft does not address what constitutes the elements of a claim under Chapter 59 other than to reference the State's petition, nor does the Aircraft allege any deficiencies in the claims as stated.  The Aircraft makes no argument as to how the State's petition fails to state a claim nor alleges any failure to assert an essential element under Chapter 59.

There is no dispute that the State has clearly alleged that the *res* is contraband pursuant to Chapter 59.  Texas law defines "contraband" as "property of any nature, including real, personal, tangible, or intangible, that is:  (A)  used in the commission of:  (i)  any first or second degree felony under the Penal Code;  (ii)  any felony under … Chapter…32…Penal

7

Code; … (B) used or intended to be used in the commission of: **…** (iv) any felony under Chapter … 34, Penal Code; … (xi) any offense under Chapter 71, Penal Code."

Further, the Aircraft has acknowledged in its motion to dismiss that the State has plead the underlying criminal offenses of Money Laundering (Texas Penal Code Chapter 34), Engaging in Organized Criminal Activity (Texas Penal Code Chapter 71.01), and multiple federal felonies as elements of these offenses.

In support of the claim under Chapter 59, the State's notice of seizure made the factual allegation that Co-Respondent Michael Marcos, an agent of Global Jets, LLC and trustee of the *res* in this case, had signed a Texas Aircraft Exemption Certificate Out-of-State Registration and Use Form 01-907 showing Co-Respondent Pibsa Ignerios Construccion Industrial as purchaser with the aircraft to be hangered in Monterrey, Mexico. The State further alleged that the *res* was used for 56 days in Texas and therefore, does not meet the requirements of Section 151.328(a)(4) of the Texas Tax Code and that FAA records reflected four sales of the *res* associated with Marcos, with total state sales taxes evaded of $480,000. The State alleges the *res* was unlawfully exported as demonstrated by the Form 01-907 statement that the aircraft was hangered in Mexico coupled with operation in the United States for only 56 days.

The Aircraft's Exhibit "A" shows a Trust Agreement naming Co-Respondent Pibsa Ignerios Construccion Industrial as Trustor and Co-Respondent Michael Marcos signing as Trustee on behalf of Global Jets, LLC.

8

Because the *res* was property used in the commission of the alleged conduct, which are felony violations of Texas Penal Code Chapters 34, 37, and 71, the State has clearly alleged the Aircraft as contraband under Article 59.01.

These factual allegations show that a right to the eventual forfeiture of the Aircraft is plausible.  In short, when the factual allegations in the State's asset forfeiture petition are assumed to be true, they show a right to relief that is more than mere speculation.  *See, e.g., Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211-12 (3d Cir. 2009).

## CONCLUSION

For the reasons stated, the State of Texas respectfully requests that the Court deny the Aircraft's Motion to Dismiss and instead remand the instant case to the 165th District Court in deference to the absence of federal subject matter jurisdiction.  In the alternative, the State respectfully requests that this Court deny the Aircraft's Motion to Dismiss and retain the case on the Court's docket.

Respectfully submitted,

*/s/ James Murphy*

**JAMES MURPHY**
Assistant District Attorney
Harris County, Texas
500 Jefferson, Suite 600
Houston, Texas 77002
State Bar of Texas No. 24046500
Southern District of Texas No. 3608018
Phone:  (713) 274-5570
Murphy_James@dao.hctx.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2020, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system to counsel for the plaintiff.

*/s/ James Murphy*

**JAMES MURPHY**
Assistant District Attorney
Harris County, Texas

**CERTIFICATE OF COMPLIANCE**
**WITH COURT PROCEDURE 18**

This response complies with the Court's word count requirements because this response has been prepared in a proportionately spaced typeface using Microsoft Word 2013 in 13 point Times New Roman and the total number of words is 2083 words, excluding the parts of the response exempted by Court Procedure 18(c) (and 2495 words inclusive).

*/s/ James Murphy*

**JAMES MURPHY**
Assistant District Attorney
Harris County, Texas