United States District Court
Southern District of Texas
**ENTERED**
May 13, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-03610 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| ONE 2005 RAYTHEON AIRCRAFT COMPANY HAWKER 800XP, *and all logs, certificates and books listed in seizure notice*, | § | |
| Defendant. | § | |

## OPINION AND ORDER ON REMAND

The motion by Plaintiff the State of Texas to remand this action to Texas state court is granted. Dkt 6.

This is a civil-forfeiture action under Chapter 59 of the Texas Code of Criminal Procedure. As such, it is an *in rem* proceeding against contraband. *State v Silver Chevrolet Pickup*, 140 SW3d 691, 692 (Tex 2004, *per curiam*), citing *Hardy v State*, 102 SW3d 123, 126–27 (Tex 2003). *Contraband* is defined as "property of any nature" that is used or intended to be used in the commission of certain enumerated felonies. Tex Code Crim Proc art 59.01(2); see also *Silver Chevrolet Pickup*, 140 SW3d at 692.

The State seized Defendant One 2005 Raytheon Aircraft Company Hawker 800XP Aircraft and all of its logs, certificates, and books in August 2020. It then filed a notice of seizure and intended forfeiture in Texas state court in September 2020, alleging that Defendant and its accompanying documentation are subject to forfeiture as *contraband* as defined above. See Dkt 1-3 at 4. It further alleged that the following persons and entities own, operate, and/or possess Defendant:

- - o Global Jets, LLC, a corporation doing business in Texas as a trustee owner of the Aircraft;
  - o Pibsa Ignerios Construccion Industrial, a foreign corporation doing business in Texas as an owner and operator of the Aircraft;
  - o Victor Gilberto Alverez Garcia, as an asserted owner of the Aircraft; and
  - o Juan Carlos Martinez Ceciass Rodriguez, as a possessor of the Aircraft.

Ibid.

The State bears the burden under the Texas Constitution to prove probable cause for the seizure. *$56,700 in US Currency v State*, 730 SW2d 659, 661 (Tex 1987), citing Tex Const art I, § 9. This Court recently expressed concern in a similar action regarding the unconstrained and unsupervised administration of civil-forfeiture proceedings under Texas law. See *Texas v Thirteen Pallets of Industrial Oilfield Hoses and Five Pallets of Blowout Preventers*, --- F Supp 3d ---, 2021 WL 520224, *2 (SD Tex) (citations omitted). Opinion there referred to baseless conjecture in testimony given in this action as to probable cause at the initial conference on February 4, 2021. Those concerns needn't be repeated because this action is resolved on procedural grounds.

Garcia removed the action in October 2020, asserting federal subject-matter jurisdiction under 28 USC §§ 1331, 1441, and 1446. Dkt 1 at 2–3. He then moved to dismiss the action. Dkt 2. Curiously, that motion in part seeks such dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, upon flat assertion that federal subject-matter jurisdiction is lacking. See id at 5–6, 17.

A defendant may typically remove any action from state court where "original jurisdiction" also exists in federal court. 28 USC § 1441(a). But a district court must remand the case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 USC § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of

2

remand.'" *Gutierrez v Flores*, 543 F3d 248, 251 (5th Cir 2008), quoting *In re Hot-Hed, Inc*, 477 F3d 320, 323 (5th Cir 2007). And the removing party "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008) (citation omitted). The removing party also bears the burden of showing that removal was procedurally proper. *Manguno v Prudential Property & Casualty Insurance Co*, 276 F3d 720, 723 (5th Cir 2002), citing *De Aguilar v Boeing Co*, 47 F3d 1404, 1408 (5th Cir 1995).

Remand is required here for two reasons.

The primary reason is Garcia's own assertion that this Court lacks subject-matter jurisdiction. See Dkt 2 at 5–6, 17. "To say that a court is without jurisdiction to decide a case on its merits but has jurisdiction merely to remove the case is to state a contradiction." *Richman Brothers Co v Amalgamated Clothing Workers of America*, 114 F Supp 185, 190 (ND Ohio 1953). More precisely, the removal statute "does not contemplate a result that permits a district court to remove a case which it is required to dismiss for want of jurisdiction." Ibid.

It thus seems quite clear that § 1447(c) compels remand when a defendant removes an action and then challenges federal jurisdiction. For example, in *Memorial Hermann Health System v Blue Cross Blue Shield of Texas*, Judge Sim Lake observed that the removing defendant "could not now argue that the court does not have subject-matter jurisdiction. Moreover, if the court lacked subject-matter jurisdiction, the logical consequence would be remand to state court [and] not dismissal." 2017 WL 5593523, *4 n 16 (SD Tex).

An ancillary reason justifying remand is Garcia's procedurally defective notice of removal. Generally, all defendants that have been properly served and joined must consent to removal. See 28 USC § 1446(b)(2)(A). A respected treatise notes that "courts require written consent by all of the defendants, either in the notice of removal or in other papers filed with the district court." Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 3730 (West 4th ed October 2020 Update); see also *Gillis v Louisiana*, 294 F3d 755, 759 (5th Cir 2002). Absent

3

extraordinary circumstances, a notice of removal is defective (and remand is thus required) if all defendants who have been properly joined and served don't consent within thirty days. See *Getty Oil Corp v Insurance Co of North America*, 841 F2d 1254, 1262 (5th Cir 1988). An exception to this general rule requiring consent pertains to *nominal* or *formal* parties. See *Farias v Bexar County Board of Trustees*, 925 F2d 866, 871 (5th Cir 1991) (collecting cases). But to establish that another defendant is *nominal* only, the removing defendant must show that "there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." Ibid (citations omitted).

The State establishes that counsel for Rodriguez—one of the potential interest holders identified above—signed a verified waiver of citation that was filed in state court. Dkt 6 at 3. Garcia concedes that Rodriguez didn't consent to removal. But he argues that such consent wasn't required because Rodriguez is "a nominal party to this action." Dkt 10 at 9. He states in support that "the Aircraft has been seized and is not in the possession of Mr. Rodriguez. The State can proceed with its forfeiture efforts without even being slightly affected by Mr. Rodriguez's absence." Id at 10. But this doesn't establish that there's *no possibility* that the State could establish a cause of action against Rodriguez in state court. *Farias*, 925 F2d at 871. This is an *in rem* action in which Rodriguez at least has the potential ability to appear, be heard, and resist the relief sought by the State. Tex Code Crim Proc art 59.04(b).

Instead, this situation resembles that seen in *Cowart Iron Works, Inc v Phillips Construction Co*, where "a landowner, not expressly named a party defendant, was prepared to defend in state court an *in rem* foreclosure action on his property, and the action was removed to federal court by the other defendants." Wright & Miller, *Federal Practice and Procedure*, § 3730, citing 507 F Supp 740, 745 (SD Ga 1981). And that action was remanded precisely because "the landowner defendant had not concurred in the removal petition." Wright & Miller, *Federal Practice and Procedure*, § 3730 (citing same).

The notice of removal here is likewise defective. Remand is thus required because Rodriguez hasn't consented to removal,

4

and Garcia hasn't established that Rodriguez is a nominal party. See *Breitling v LNV Corp*, 86 F Supp 3d 564, 572–73 (ND Tex 2014); *Aynesworth v Beech Aircraft Corp*, 604 F Supp 630, 634 (WD Tex 1985)

The motion to remand by Plaintiff the State of Texas is GRANTED. Dkt 6.

This case is REMANDED to the 165th Judicial District Court of Harris County, Texas for further proceedings.

The Clerk is ORDERED to provide a copy of this Order to the District Clerk of Harris County, Texas.

SO ORDERED.

Signed on May 13, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge